IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSE L. DIAZ,**

    Petitioner,

                                        Civ. No. 2:17-cv-0482
                                        Crim. No. 2:13-cr-154(12)
    v.                                CHIEF JUDGE SARGUS
                                        Magistrate Judge King

**UNITED STATES OF AMERICA,**

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed a motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. *Motion to Vacate,* ECF No. 341. This matter is before the Court on Petitioner's *Motion to Vacate*, Respondent's *Answer in Opposition,* ECF No. 344, and Petitioner's March 23, 2018 *Motion to Vacate,* ECF No. 346, which raises essentially the same claims and which the Magistrate Judge construes as Petitioner's *Traverse*. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's claims be **DENIED** as time-barred, and that this action be **DISMISSED**.

**Facts and Procedural History**

On December 20, 2013, Petitioner pleaded guilty, pursuant to a negotiated plea agreement, to one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C), and 21 U.S.C. §846. *Minute Entry*, ECF No. 138. On May 14, 2014, this Court sentenced Petitioner to a term of imprisonment of 63 months, minus time served, to be followed by a three-year term of

supervised release. *Judgment,* ECF No. 233.[1] Petitioner did not file a direct appeal from that *Judgment*.

On May 27, 2017 — *i.e.*, three years and thirteen days later — Petitioner executed the *Motion to Vacate*, *see Motion to Vacate*, ECF No. 341, at PAGEID# 1346, which was filed in this Court on June 5, 2017. In his *Motion to Vacate*, Petitioner alleges that he received ineffective assistance of counsel because his lawyer never discussed with Petitioner the right to file a direct appeal; promised Petitioner that he would receive a lower sentence under new sentencing guidelines in exchange for his guilty plea; and failed to discuss with Petitioner the implications of new sentencing guidelines. *Id*. at PAGEID# 1338–40. Petitioner also alleges that his plea was not knowingly entered. Petitioner states that, because of his limited knowledge of the law, language barriers, and his lawyer's ineffectiveness, he lost his appellate rights and other "benefits," and was hindered in his ability to fully understand all the proceedings. *Id*. at PAGEID# 1342. Petitioner contends that he did not raise these claims on appeal because of his lawyer's failure to discuss his appellate rights with him. *Id*.

Respondent takes the position that the *Motion to Vacate* is untimely. *Answer in Opposition.*

---

[1] At the time of his conviction in this case, Petitioner was on supervised release in a separate case in this Court, *United States v. Cebreros-Gonzalez*, 2:00-CR-0122. This Court sentenced Petitioner to 30 months' imprisonment for violating the terms of his supervised release in that case, such sentence to run concurrently with the 63-month sentence imposed in this matter. *Minute Entry,* ECF No. 232.

As noted *supra*, Petitioner executed a second *Motion to Vacate* on March 23, 2018, which the Court construes as a traverse. In that filing, Petitioner did not expressly address the timeliness issue raised by Respondent. Instead, Petitioner alleged in that filing that his lawyer was ineffective because he "pushed [Petitioner] to sign a guilty plea," promised Petitioner that he would serve a state sentence concurrently with his federal sentence, and misled Petitioner about the applicability of safety valve provisions to his sentence. *Id*. at PAGEID# 1362-64. Petitioner again alleged that his lack of knowledge, language barrier, and poor legal advice prevented him from a full understanding of "what was happening." *Id*. at PAGEID# 1366.

**Law and Analysis**

The statute of limitations applicable to a motion to vacate pursuant to §2255 is set forth in 28 U.S.C §2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Petitioner was sentenced on May 14, 2014. He had 14 days, or until May 28, 2014, in which to file a notice of appeal from his judgment of conviction. *See* Fed. App. R. 4(b)(1)(A). Because Petitioner did not file a notice of appeal within that period, his judgment of conviction became final when that 14-day period ended. *Harris v. United States*, No. 16-3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (citing *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). Pursuant to §2255(f)(1), the statute of limitations began to run the following day and expired one year later, on May 29, 2015. Petitioner waited approximately two years after that date – until May 27, 2017 – to execute his *Motion to Vacate.* Consequently, his *Motion to Vacate* is untimely.

Petitioner does not allege any facts that would warrant an equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 648 (2010)(The statute of limitations may be equitably tolled when a petitioner shows (1) that he pursued

his rights diligently and (2) "that some extraordinary circumstance" prevented a timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner refers generally to his unfamiliarity with the law, his limited familiarity with the English language, and his *pro se* status. However, these conditions are insufficient bases for the application of equitable tolling of the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 402-03 (6th Cir. 2004)((The language of the statute is enough to place even a *pro se* petitioner on notice of filing limitations); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(Where "lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations.").

Petitioner also alleges that his attorney failed to discuss his appellate rights with him. Although that argument might explain why Petitioner failed to file a direct appeal from the judgment of conviction, that argument has no bearing on Petitioner's failure to file the *Motion to Vacate* in a timely fashion.

Although the *Motion to Vacate* is not entirely clear in this regard, Petitioner also appears to claim that his sentence has not been calculated correctly; he states that, although he was to have been given credit for time served, he has not received "full time

credit for all [of his] county jail time" and that his release date has been improperly calculated from the date upon which he was sentenced instead of the date upon which he was arrested. *Id*. at PAGEID# 1347, 1344, 1346. To the extent that Petitioner intends to pursue in this action a claim based on the alleged improper calculation of his sentence, this Court lacks jurisdiction to entertain that claim. "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons ("BOP")], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The scope of the BOP's general responsibility includes the duty to compute jail-time credit pursuant to 18 U.S.C. §3585(b). *See id.* A federal prisoner seeking to challenge the BOP's credit computation must first seek administrative review through the BOP's review processes before seeking judicial relief pursuant to 28 U.S.C. §2241. *Id. See also United States v. Westmoreland*, 974 F.2d 736, 738 (6th Cir. 1992). Petitioner has not alleged that he has exhausted his available administrative remedies in connection with this claim. *See Wilson,* 503 U.S. at 333; *Westmoreland,* 974 F.2d at 737. Moreover, judicial review of such a claim is properly asserted – not under 28 U.S.C. § 2255 in the sentencing court – but under 28 U.S.C. § 2241 in a court vested with jurisdiction over the petitioner's custodian. *United States*

*v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). *See also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)(per curiam).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report *and Recommendation*, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. §636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the

right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal from any adverse decision, they may also address in their objections whether a certificate of appealability should issue.


Date:_October 11, 201          *s/    Norah McCann King*
                                     Norah McCann King
                                United States Magistrate Judge